Rose Amelia Linneball, as Administratrix, etc., of John H. Linneball, Deceased, Respondent, v. Levy Dairy Company, Appellant.

(*Supreme Court, Appellate Division, First Department, July* 10, 1916.)

Motor vehicles—Negligence—Collision between bicycle and automobile—Violation of ordinance by having cut-out open—Instructions to jury.

Where, in an action to recover for the death of the plaintiff's husband, who, while riding a bicycle, was killed in a collision with an automobile owned by the defendant, it appeared that the defendant's chauffeur, the horn having been removed for repairs, opened the cut-out so as to give warning, and the court charged that even though the chauffeur was liable to a fine for having the cut-out open, this standing alone does not necessarily make the defendant company liable for the accident, and the defendant was entitled to have the jury further instructed, *first,* that the defendant was not to be held negligent because the cut-out was open; *second,* that the fact that the ordinance prohibits the cut-out being open was not to be taken into consideration by the jury against the defendant; and *third,* that if the cut-out was open and was sufficient as a warning signal, whether the ordinance permits or prohibits it makes no difference.

Appeal by the defendant, Levy Dairy Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 22nd day of January, 1916, upon the verdict of a jury for $12,500, and also from an order entered in said clerk's office on the 25th day of January, 1916, denying defendant's motion for a new trial made upon the minutes.

Lowen E. Ginn, for the appellant.

John J. O'Connell, for the respondent.

Smith, J.— The plaintiff's husband was killed in a collision with an automoble. He was riding a bicycle up Second avenue

between Fourth and Fifth streets, in the borough of Manhattan. The automobile was owned by the defendant and was going south on Second avenue. There were two automobiles going south at the same time upon the south-bound track of the trolley. The defendant's automobile veered to the left and was going south upon the north-bound track of the trolley. The evidence is to the effect that it was speed-checked so that it could not go more than seventeen or eighteen miles an hour, nor with a load over fourteen miles an hour. It was evidently going rapidly in passing these two automobiles, one of which was towing the other, a cripple. The plaintiff's intestate came up the street upon or near the north-bound track. There is nothing to show why the plaintiff's intestate could not have seen this automobile coming down the track if he were going up the track directly, as seems to be the general import of the testimony. The testimony of the truck driver, however, is that he suddenly came out from behind some other automobiles or trucks and was upon the track in front of him within a very few feet of his automobile so that he could not stop. The evidence is such that a question was fairly presented to the jury as to whether the contract with the railway companies had ever been abrogated. All that was claimed was that defendant had agreed to be personally liable for the fulfillment by the railway companies of the original contract. The plaintiffs, therefore, made out no case for submission to the jury and the defendant's motion for a dismissal should have been granted.

The judgment and order should be reversed and a new trial granted, with costs to appellant to abide the event.

CLARKE, P. J., McLAUGHLIN, DOWLING and DAVIS, JJ., concurred.

Judgment and order reversed and new trial granted, with costs to appellant to abide event.